**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **SELVIN ELVIR REYES,** *et al.*, | * |
| **Plaintiffs,** | * |
| **v.** | *     **Case No.: PWG-14-1908** |
| **THOMAS CLIME,** *et al.*, | * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM AND ORDER

After accepting a Rule 68 offer of judgment in this case alleging various violations of federal and state wage and hour statutes, Plaintiffs now have filed a motion for attorneys' fees and costs. Plaintiffs seek fees at their standard, hourly rates for the time spent on this matter. Defendants argue that paying Plaintiffs the full lodestar amount would be excessive because this case settled for a fraction of the damages originally sought. Because I find that the effort and success of Plaintiffs' counsel merits an award at their full, hourly rate, I grant the motion with minor modifications.

### I.     Background

Plaintiffs Selvin Elvir Reyes and Francisco Torrez filed this action on June 12, 2014, alleging claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Act ("MWPCA"), Lab. & Empl. § 3-501 *et seq.* After an unsuccessful settlement conference, the parties filed a notice of the acceptance of an

offer of judgment pursuant to Fed. R. Civ. P. 68.  Notice of Acceptance of Offer of J., ECF No. 21.

Although the parties took the position that a Rule 68 offer of judgment—unlike a settlement agreement, *see Duprey v. Scotts Co., LLC*, No. PWG-13-3496, 2014 WL 2174751, at *5 (D. Md. May 23, 2014)—did not require court approval, *see* Letter from Counsel (Dec. 22, 2014), ECF No. 22, I found that Rule 68 offers were not exempt from that requirement, *see* Paperless Order, ECF No. 23.  Following that Order, the parties filed a Joint Motion and Memorandum for Approval of Rule 68 Offer of Judgment, ECF No. 24, and a supplemental filing providing additional support for the motion, Letter from Counsel (Feb. 27, 2015), ECF No. 25.  I granted the motion on March 3, 2015, Order, ECF No. 29, and that same day judgment was entered in favor of Reyes in the amount of $5,500 and in favor of Torrez in the amount of $2,500, exclusive of fees and costs.  Order of J., ECF No. 30.

On March 16, 2015, Plaintiffs filed their Petition for Award of Attorney's Fees and Costs and Memorandum of Points and Authorities in Support of Same ("Pls.' Fees Mot."), ECF No. 31.  Defendants Thomas Clime and Thomas Clime Landscapes, LLC responded on April 1, 2015 ("Defs.' Fees Opp'n"), ECF No. 32, and Plaintiffs replied on April 8, 2015 (Pls.' Fees Reply"), ECF No. 33.  Having reviewed the filings, I find a hearing is not required.  Loc. R. 105.6.

## II.    Discussion

Title 29 United States Code § 216(b) provides that in an action brought under the Fair Labor Standards Act ("FLSA"), such as this one, the "court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  The MWHL and the MWPCL also provide for a prevailing plaintiff's attorneys' fees.  *See*   Lab. & Empl. § 3-427(a)(3); Lab. & Empl. § 3-507.2(b).

Because judgment has been entered in Plaintiffs' favor, there is no dispute that they are "prevailing parties" entitled to attorneys' fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("'plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978)).

In calculating an award of attorneys' fees, the Court first must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award" (internal citations omitted)). "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). In determining whether the lodestar results in a reasonable fee, this Court evaluates "the twelve well-known factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)." *Thompson*, 2002 WL 31777631, at *6 (footnotes omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

3

*Id.* at *6 n.19 (citing *Johnson*, 488 F.2d at 717–19).  However, the Supreme Court has noted that the subjective *Johnson* factors provide very little guidance and, in any event, that "'the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" *Perdue*, 559 U.S. at 551, 553 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 549, 566 (1986)).

In calculating the lodestar amount, the party seeking fees "must show that the number of hours for which he seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary." *Travis v. Prime Lending*, No. 3:07cv00065, 2008 WL 2397330, at *4 (W.D. Va. June 12, 2008) (concluding, after an initial determination that the attorney's hourly rate was reasonable for the particular district, that attorney's fees requested by Plaintiff were reasonable based on documentation of hours worked and tasks completed); *Flynn v. Jocanz*, 480 F. Supp. 2d 218, 220–21 (D.D.C. 2007) (awarding requested attorneys' fees based on affidavits and the record).

Also of import, Appendix B to this Court's Local Rules, Rules and Guidelines for Determining Attorneys' Fees in Certain Cases, provides the following "Guidelines Regarding Hourly Rates":

> a. Lawyers admitted to the bar for less than five (5) years: $150–225.
>
> b. Lawyers admitted to the bar for five (5) to eight (8) years: $165–300.
>
> c. Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225–350.
>
> d. Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275–425.
>
> e. Lawyers admitted to the bar for twenty (20) years or more: $300–475
>
> f. Paralegals and law clerks: $95-150.

Loc. R. App'x B ¶ 3 (footnote omitted).  However, these Guidelines are not definitive; they are "solely to provide practical guidance to lawyers and judges when requesting, challenging and

awarding fees." Loc. R. App'x B n.6.  The Court may also consider "affidavits of lawyers in the [relevant] legal community attesting to the customary rates charged for [similar matters]."  *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509–10 (D. Md. 2000).

Here, Plaintiffs seek a total of $15,972 in attorneys' fees[1] for services provided by the Amster Law Firm, LLC and by its successor, Zipin, Amster and Greenberg, LLC, as well as $504.99 in costs.  Pls.' Fees Mot. 2.  As required by this Court's local rules, Plaintiffs have provided itemized billing entries, Billing Entries, Pls.' Fees Mot. Ex. 1, ECF No. 31-1, and a declaration setting forth the experience level of each person who recorded time on this case, Amster Decl., Pls.' Fees Mot. Ex. 3, ECF No. 31-3, as well as an itemized list of costs, List of Costs, Pls.' Fees Mot. Ex. 2, ECF No. 31-2.  Plaintiffs also have provided a declaration of another attorney expressing his opinion of Attorney Michael Amster's skill and experience and the reasonableness of the fees sought.  Melehy Decl., Pls.' Fees Mot. Ex. 4, ECF No. 31-4. Defendants do not dispute Plaintiffs' time entries, but they do argue that the hourly rates sought by Plaintiffs are not consistent with those they typically charge, Defs.' Opp'n 7–8, and that the *Johnson* factors call for a reduction in Plaintiffs' fees below the lodestar, *id.* at 4–7. Accordingly, Defendants propose that Plaintiffs' fee request be reduced by 40%, for an award of $9,036.  *Id.*  Defendants have not opposed the costs sought by Plaintiffs.

The mere fact that Plaintiffs have set forth the attorneys' fees actually incurred does not require me to take them at their word when calculating the lodestar amount; rather, Plaintiffs only are entitled to a "*reasonable* hourly rate multiplied by hours *reasonably* expended." *Grissom*, 549 F.3d at 320 (emphasis added); *see also Hensley*, 461 U.S. at 433–34 ("The district court also should exclude from this initial fee calculation hours that were not 'reasonably

---

[1] This figure accounts for the $15,060 initially sought by Plaintiffs, Pls.' Fees Mot., as well as the $912 in additional fees related to and sought in Plaintiffs Fees Reply.

5

expended.'"").  Although Defendants question whether the hourly rates sought here are in line with those sought by Plaintiffs' counsel in other cases, Defs.' Fees Opp'n 7–8, they are well within the guidelines set by this Court's Local Rules.  Attorney Michael Amster has been practicing since 2009, Amster Decl. ¶ 1, and billed at a rate of $285 per hour, Billing Entries, which is within (though at the high end of) the range for an attorney of his experience level, *see* Loc. R. App'x B ¶ 3(b).[2]  Attorney Lauren Tate Ulrich was admitted to the bar in 2014, Amster Decl. ¶ 2, and billed at a rate of $205 per hour, Billing Entries, which is within the range for an attorney of her experience level, *see* Loc. R. App'x B ¶ 3(a).  Paralegal Crystal Avalos, Amster Decl. ¶ 2, and another unnamed paralegal, Billing Entries, billed at $110 and $100 per hour, respectively, *id.*, at the lower end of the range for paralegals, *see* Loc. R. App'x B ¶ 3(f).  Plaintiffs also have provided other retainer agreements, Retainer Agreements, Pls.' Fee Reply Ex. B, ECF No. 33-2, and the Melehy Declaration to support their position that these are their standard rates and are in line with those charged by others.  Accordingly, I find that the hourly rates charged by Plaintiffs' counsel are reasonable.

Although there is no indication that Plaintiffs' counsel was inefficient in the use of time or generally billed for time not reasonably spent, I find that the billing entries related to the parties' attempts to avoid seeking court approval of the Rule 68 offer was not time reasonably spent.  After the parties filed the notice of the acceptance of the offer of judgment, I held a telephonic conference with the parties to discuss the need for court approval.  On that call, the parties stated the view that court approval was not required and represented that they were aware

---

[2] Although Amster charged at the higher end of the range provided for an attorney of between five and eight years' experience, I also note that he was the most senior attorney representing Plaintiffs and at all times either was the principal of his own firm or a partner in the newly formed Zipin, Amster and Greenberg LLC, both of which factors support a rate at the high end of the recommended range.

of case law in this District that supported their position.  In fact, this was not the case, *see Banegas v. Gen. Lawn Serv. Corp.*, No. GJH-13-3728, 2014 U.S. Dist. LEXIS 98009 (D. Md. July 17, 2014) (holding that court approval of a Rule 68 offer is required in an FLSA case), and I ordered the parties to provide support for my approval of the settlement, Paperless Order, ECF No. 23.  Resisting the need for court approval of the offer of judgment appears to have occupied 3.1 hours of Michael Amster's time, for which Plaintiffs have sought payment for 1.6 hours valued at $456.  I find that this time was spent unnecessarily and unreasonably.  Accordingly, Plaintiffs' lodestar amount is reduced to $15,516.

Although "there is a 'strong presumption' that the lodestar figure is reasonable," *Perdue*, 559 U.S. at 554, the Fourth Circuit has reaffirmed the applicability of the *Johnson* factors even when those factors appear to be subsumed into the lodestar calculation, *McAfee v. Boczar*, 738 F.3d 81, 89 (4th Cir. 2013).  Defendants' primary argument for reducing Plaintiffs' fee award is that it is out of step with the degree of Plaintiffs' success in this litigation.  Defs.' Fees Opp'n. Defendants are correct that "the Supreme Court has recognized that the extent of a plaintiff's success is 'the most critical factor' in determining a reasonable attorney's fee."  *McAfee*, 738 F.3d at 92 (citing *Hensley*, 461 U.S. at 436).  However, "[a]wards of attorney's fees substantially exceeding damages are not unusual in civil rights litigation." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 328 n.20 (4th Cir. 2006).  And this is not a case in which Plaintiffs received only nominal damages.  *Cf. Farrar v. Hobby*, 506 U.S. 103, 114–15 (1992) (a plaintiff who receives only nominal damages may merit a reduced fee award or none at all).  *But see Mercer v. Duke Univ.*, 401 F.3d 199, 209–10 (4th Cir. 2005) (the mere fact that a plaintiff receives nominal damages does not inherently mean that substantial fees should not be awarded).

Here, Plaintiff Reyes received $5,500, approximately one-third of the $17,887.50 he originally itemized in his Rule 26(a)(1)(A)(iii) disclosure of damages, and Plaintiff Torrez received $2,500, over eighty percent of the $2,964 in his Rule 26(a)(1)(A)(iii) disclosure. Though possibly less than Plaintiffs would have received had they prevailed on all of their claims at trial, this recovery is more than "'purely technical.'" *Cf. Almendarez v. J.T.T. Enters. Corp.*, No. JKS-06-68, 2012 WL 3385362, at *7 (D. Md. Aug. 25, 2010) (reducing six-figure lodestar by twenty-five percent where damages totaling $2,300 to three plaintiffs were "purely technical"); *see also Farrar v. Hobby*, 506 U.S. 103 (1992) (where plaintiff sought $17 million and received only one dollar nominal damages, circuit court appropriately reversed six-figure fee award and held no fee was appropriate). Although Defendants argue that Plaintiffs are not "owed a dime" and that the Rule 68 offer is a mere "'compromise'" by Defendants who "consider[] Plaintiffs' claims to be legal extortion," Defs.' Fees Opp'n 2, 5, I find that Plaintiffs' recovery, totaling $8,000, is substantial. Nor is this a case in which Plaintiffs' fee request is particularly large or seeks payment for an unusually high number of hours. *Cf. Jadari v. Shiba Invs., Inc.*, Nos. 06-5012-RHB, 06-5019-RHB, 06-5020-RHB, 06-5037-RHB, 06-5050-RHB, 2008 WL 5100812 (D.S.D. Dec. 3, 2008) (reducing a fee request of over $500,000 and finding the 3,400 hours billed to be unreasonable). And although the fee sought is nearly double the total recovery realized by Plaintiffs, this is likely to occur in FLSA actions, where vulnerable plaintiffs may be vindicating important rights that entitle them to relatively modest compensation. In light of the real recovery enjoyed by Plaintiffs, I find the relatively modest fee of $15,516 is reasonable.

As for the remainder of the *Johnson* factors, I find that they warrant no adjustment of the lodestar amount. Defendants argue that the second, third, and fourth factors (novelty and

difficulty of the questions raised, skill required, and counsel's opportunity cost) all are unexceptional.[3]  I find that all of these factors are subsumed into the lodestar analysis: Plaintiffs' counsel devoted the amount of time reasonably required to deal with the complexities of this case with the appropriate skill, and counsel's usual and customary fee is sufficient to compensate for the lost opportunity cost that inheres in accepting any one client over another.  *See Perdue*, 559 U.S. at 553 (noting that the lodestar often accounts for the other factors relevant in calculating a reasonable fee).  I also find that, as to the ninth *Johnson* factor, the skill of the attorneys involved is subsumed in their hourly rates and does not warrant an increase or a decrease.

With respect to the fifth and sixth factors, Plaintiffs have provided evidence to show that they seek only their usual and customary fees (which are in line with this Court's guidelines), *see* Retainer Agreements; *see also* Loc. R. App'x B.3, and they bore the risk of Plaintiffs receiving no recovery by taking this case on contingency, Pls.' Fees Mot. 9.  And although Plaintiffs argue that this case was undesirable because "Defendants are a small employer with limited cash flow" and language barriers made it difficult to communicate with Plaintiffs, Pls.' Fees Mot. 12, I find that these factors are typical of FLSA cases, which often involve representing vulnerable clients with limited English skills against relatively small businesses operating informally.  I find no adjustment is warranted by the length of counsel's relationship with Plaintiffs.  And although Plaintiffs are able to cite to a number of cases in which counsel received much larger fee awards

---

[3] Defendants ask that Plaintiffs submit specific evidence to show their opportunity cost before their fee is enhanced on that basis.  Defs.' Fees Opp'n 9.  However, I do not construe Plaintiffs' statements that their counsel "suffered significant opportunity costs, because this matter prevented them from pursuing other matters," Pls.' Fees Mot. 9, to seek an enhancement.  Rather, it appears to state the common-sense notion that, by devoting time to one client, a lawyer necessarily reduces the amount of time free to serve other or new clients.  This warrants neither an increase nor decrease of the lodestar amount.

than that sought here, *see* Pls.' Fees Mot. 12–14, they do not seek an enhancement based on those larger awards and I do not find one is appropriate.

In short, I find that—but for the adjustments I have made to the lodestar amount—the fee sought by Plaintiffs fairly reflects the time, effort, and skill put into this place and the success realized by Plaintiffs' counsel.

### III.     Conclusion

For the aforementioned reasons, Plaintiffs Fees Motion will be GRANTED AS MODIFIED, and Plaintiff will be awarded $15,516 in attorneys' fees and $504.99 in costs.

A separate order shall issue.

Dated: <u>June 8, 2015</u>                                        _____ /S/_____
                                                                             Paul W. Grimm
                                                                             United States District Judge

dsy

10